1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| JEFFREY HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC., a Maryland Corporation; TRANSDEV NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 20, as yet unknown Washington entities,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

TO:        THE CLERK OF COURT FOR THE U.S. DISTRICT COURT FOR THE
           WESTERN DISTRICT OF WASHINGTON

AND TO:    PLAINTIFF AND HIS ATTORNEYS OF RECORD

       PLEASE TAKE NOTICE that Defendants Transdev Services, Inc. and Transdev North

America, Inc. (collectively, "Transdev"), by and through counsel, hereby remove the state court

action from the Superior Court of the State of Washington in and for the County of King (Case

No. 24-2-21752-5, filed on September 24, 2024) to the United States District Court for the Western

District of Washington. This removal is based on jurisdiction pursuant to 28 U.S.C. § 1332(a)

(diversity), § 1332(d) (the Class Action Fairness Act ("CAFA")), § 1441 (a) and (b), and § 1453.

It is timely under 28 U.S.C. § 1446. In support, Transdev states as follows:

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

## I.    BACKGROUND

1.    On September 24, 2024, Plaintiff Jeffrey Hill ("Plaintiff") filed a Class Action Complaint for Damages against Transdev and DOES 1 through 20 in the Superior Court of Washington, King County, captioned *Jeffrey Hill v. Transdev Services, Inc., et al,* Case No. 24-2-21752-5 (the "Complaint"). A true and accurate copy of the Complaint is attached <u>Exhibit A</u>.

2.    Transdev was served with a copy of the Complaint and a Summons from the state court on October 4, 2024. A true and accurate copy of the Summons is attached as <u>Exhibit B</u>.

3.    The Complaint asserts one cause of action against Defendants on behalf of Plaintiff and a proposed class for alleged violations of Washington's Equal Pay and Opportunities Act, RCW 49.58.110. Compl. ¶¶ 44-55. Plaintiff claims that he applied to a job position at Transdev in Everett, Washington in response to a job posting that did not disclose the position's wage scale or salary range in violation of the Washington statute. Compl. ¶¶ 26-31. Plaintiff further claims that Transdev did not disclose the wage scale or salary range being offered. Compl. ¶¶ 30, 32.

## II.    STATEMENT OF SUBJECT MATTER JURISDICTION

4.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) and CAFA, 28 U.S.C. § 1332(d). As set out below, this action is removable under 28 U.S.C. § 1453 because (1) it is a case with complete diversity of citizenship between the named Plaintiff and Defendants with over $75,000 in controversy; and/or (2) it meets CAFA's requirements as (a) it is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of any one defendant, satisfying minimal diversity requirements, (b) the proposed class is estimated to exceed 40 members, and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

### A.    <u>Complete Diversity of Citizenship Exists</u>

5.    Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

6.    **Plaintiff's Citizenship.** Transdev is informed and believes that Plaintiff is, and at all relevant times was, a resident of and domiciled in the State of Washington.  Compl. ¶ 15.

1  Consequently, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff is a
2  citizen of the State of Washington.

3      7.    **Corporate Defendant's Citizenship.** A corporate defendant is a citizen of any
4  state where it is incorporated and where its principal place of business is located. 28 U.S.C.
5  § 1332(c).

6      8.    A corporation's principal place of business is determined by the "nerve center" test,
7  which looks to where the corporation maintains its corporate headquarters and where the
8  corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v.*
9  *Friend*, 559 U.S. 77, 90-94 (2010).

10     9.    Transdev North America, Inc. is incorporated in the state of Delaware.

11     10.   Transdev North America, Inc. maintains its corporate headquarters and principal
12  place of business in Lombard, Illinois. Transdev North America, Inc.'s management-level
13  executives and corporate officers maintain offices in Illinois and its corporate decisions are made
14  through its headquarters. Thus, Illinois is Transdev North America Inc.'s "nerve center."

15     11.   Transdev North America Inc. is therefore a citizen of Delaware and Illinois for
16  diversity purposes. 28 U.S.C. § 1332(c)(1).

17     12.   Transdev Services, Inc. is incorporated in the state of Maryland.

18     13.   Transdev Services, Inc. maintains its corporate headquarters and principal place of
19  business in Lombard, Illinois. Transdev Services, Inc.'s management-level executives and
20  corporate officers maintain offices in Illinois and its corporate decisions are made through its
21  headquarters. Thus, Illinois is Transdev Services, Inc.'s "nerve center."

22     14.   Transdev Service, Inc. is therefore a citizen of Maryland and Illinois. 28 U.S.C.
23  § 1332(c)(1).

24     15.   Based on the foregoing, complete diversity exists between Plaintiff and Defendants
25  because Plaintiff is a citizen of Washington, Defendant Transdev North America, Inc. is a citizen
26  of Delaware and Illinois, and Defendant Transdev Services, Inc. is a citizen of Maryland and
27  Illinois for diversity purposes. 28 U.S.C. § 1332(c)(1).

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

16.    **Doe Defendants**. In determining whether a civil action is removable under 28 U.S.C. § 1332(a), citizenship of defendants sued under fictitious names are disregarded.  28 U.S.C. § 1441(b)(1). Thus, the existence of Doe Defendants 1 through 20 does not deprive this Court of jurisdiction.

## B.    The Proposed Class Contains More Than 40 Members

17.    Plaintiff's Complaint defines the potential class as: "From January 1, 2023 to the present, … more than 40 Class members applied to job openings…located in Washington". Compl. ¶ 22.

18.    Although Transdev does not concede that a class should be certified, it has determined that from January 1, 2023, to present, at least 4,045 individuals applied for jobs at Transdev in Washington. Compl. ¶¶ 10, 20; *see Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (noting a party "need not concede liability" to remove a case to federal court under CAFA).

19.    Therefore, accepting the putative class definition in the Complaint (as the Court must at the pleading stage), Plaintiff's proposed class exceeds 40 members for purposes of conferring jurisdiction under CAFA.

## C.    The Amount in Controversy Requirement is Satisfied

20.    For diversity jurisdiction, the amount in controversy must meet or exceed $75,000. 28 U.S.C. § 1332(a). For CAFA, the amount in controversy must meet or exceed $5,000,000. 28 U.S.C. § 1332(d)(2).

21.    Transdev denies that Plaintiff or any putative class member is entitled to any relief. However, in determining the amount in controversy, the Court must assume Plaintiff's allegations in the Complaint are true and that a jury will return a verdict for the Plaintiff and class on all claims in the Complaint. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (internal quotation omitted)).

Notice of Removal
No. _____

Page 4

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

22.     Where, as here, the Plaintiff's state court complaint is silent as to the amount of damages claimed, the Ninth Circuit employs "a preponderance of the evidence" standard. *See Lewis*, 627 F.3d at 397. Under that standard, the amount in controversy can incorporate assumptions, including the maximum amount put into issue, as "the amount in controversy is simply an estimate of the total amount in dispute." *Id*. at 400. The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal citations omitted and modifications in the original) (diversity removal).

23.     This amount includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id*. at 648-49; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (stating in CAFA removal action that when a statute provides for recovery of attorney fees, prospective attorney fees must be included in assessment of amount in controversy). Importantly, the Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions unless the plaintiff contests removal. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

24.     Here, the statute under which Plaintiff asserts his claim on behalf of himself and a putative class provides damages equal to actual damages or $5,000, whichever is greater. RCW 49.58.070. Thus, given that at least 4,045 individuals fall within Plaintiff's proposed class of people who applied for a Transdev job opening in Washington, the amount at stake totals $20,225,000 (4,045 x $5,000), far exceeding CAFA's $5,000,000 threshold even before fees or costs.

25.     Again, Transdev is not conceding liability and does not need to make such a concession to remove this action under CAFA. *Lewis*, 627 F.3d at 400 (finding the district court erred by effectively asking the defendant to admit that at least $5 million of the controversial

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

billings were "unauthorized" within the meaning of the complaint); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (vacating order of remand where trial court "seem[ed] to have imposed a requirement that [the defendant] prove it actually violated the law at the assumed rate" of violation in order to estimate the amount in controversy). Plaintiff's Complaint pleads potential statutory damages that exceed CAFA's amount in controversy threshold based on the number of potential class members as Plaintiff defines them. *See Moliga v. Qdoba Restaurant Corporation*, Case No. 2:23-cv-01084-LK, Minute Order entered on August 22, 2023 (finding the defendant adequately showed cause to support removal in the plaintiff's class action under RCW 49.58.110).

26.    Additionally, Plaintiff seeks attorney fees as set out in the remedies sections of RCW 49.58.110(4) and RCW 49.58.070(1). It is well-settled that attorneys' fees are included in calculating the amount-in-controversy for removal purposes. *Gonzales*, 840 F.3d at 648-49. Assuming that counsel for Plaintiff and the proposed class has an hourly rate of at least $400.00, and conservatively estimating that Plaintiff's counsel will spend at least 200 hours litigating this class action through discovery, class certification, summary judgment, and trial, the attorneys' fees alone (calculated as $400 hourly rate x 200 hours) will total $80,000.00. Transdev reasonably expects that Plaintiff will also demand as much as $15,000 or $20,000 (in addition to any statutory damages) related to their role as class representative.

27.    Accordingly, the amount in controversy requirement is met at the pleading stage to support removal under CAFA jurisdiction.

### III.    REMOVAL IS TIMELY

28.    Removal is timely pursuant to 28 U.S.C. § 1446(b) because Transdev is filing this Notice for Removal within thirty (30) days after the Complaint was served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

### IV.    VENUE IS PROPER

29.    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953). The Western District of Washington embraces the County of King Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate federal district court to which Transdev removes this action.

## V.    NOTICE OF REMOVAL TO STATE COURT

30.    In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will promptly be served on Plaintiff's counsel and filed with the Clerk of the County of King Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached as <u>Exhibit C</u>.

## VI.    CONCLUSION

31.    As set forth above, the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 (a) and (d) because the required diversity of citizenship is present, the proposed class exceeds 40 members, and as pled, the amount in controversy exceeds the jurisdictional minimum. Accordingly, Transdev respectfully removes this action from the Superior Court of King County in the State of Washington to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

DATED this 24th day of October, 2024.

SCHLEMLEIN FICK & FRANKLIN PLLC

*/s/ Benjamin W. Lance*
Benjamin W. Lance, WSBA No. 52657
66 S. Hanford St., Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 | Fax: (206) 448-8514
Email: bwl@soslaw.com
*Attorney for Defendants Transdev Services, Inc.
and Transdev North America, Inc.*

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on October 24, 2024, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system, which will send notification of such filing to the following:

4

[none]

5

And I hereby certify that I have arranged to have the document served by messenger to the

6

following non CM/ECF participants:

7

**ATTORNEYS FOR PLAINTIFF**

8

9

Rebecca L. Solomon, WSBA #51520
Kim D. Stephens, WSBA #11984
TOUSLEY BRAIN STEPHENS PLLC

10

1200 Fifth Avenue, Suite 1700
Seattle, WA  98101

11

Telephone: (206) 682-5600

12

Facsimile: (206) 682-2992
rsolomon@tousley.com

13

kstephens@tousley.com

14

Timothy W. Emery, WSBA #34078

15

Patrick B. Reddy, WSBA #34092
Paul Cipriani, Jr., WSBA #59991

16

EMERY REDDY, PLLC

17

600 Stewart Street, Suite 1100
Seattle, WA 98101

18

Phone: (206) 442-9106
Fax: (206) 441-9711

19

emeryt@emeryreddy.com
reddyp@emeryreddy.com

20

paul@emeryreddy.com

21

Dated this 24th day of October, 2024.

22

23

   */s/ Benjamin W. Lance*    
Benjamin W. Lance, WSBA 52657

24

*Attorney for Defendants Transdev Services, Inc.*
*and Transdev North America, Inc.*

25

26

27

**Notice of Removal**
No. _____

Page 8

SCHLEMLEIN FICK & FRANKLIN, PLLC
66 S. Hanford Street, Suite 300
Seattle, WA 98134
Phone: (206) 448-8100 Fax: (206) 448-8514

# EXHIBIT A

1

2

3

4

5

6

7                    IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
                              IN AND FOR PIERCE COUNTY

8   JEFFREY HILL, individually and on behalf
9   of all others similarly situated,
                                                          NO.
10                          Plaintiff,
                                                          CLASS ACTION COMPLAINT FOR
11        v.                                              DISCRIMINATION

12  TRANSDEV SERVICES, INC., a Maryland
    corporation; TRANSDEV NORTH
13  AMERICA, INC., a Delaware corporation;
    and DOES 1-20, as yet unknown Washington
14  entities,

15                          Defendants.

16

17        Plaintiff Jeffrey Hill ("Plaintiff"), individually and on behalf of all others similarly

18  situated (the "Class"), by and through counsel, brings this Class Action Complaint against

19  Defendants Transdev Services, Inc. and Transdev North America, Inc. (collectively,

20  "Defendants") and alleges, upon personal knowledge as to Plaintiff's own actions and

21  Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as

22  follows:

23                    I.      NATURE OF THE EPOA

24        1.      This is a class action lawsuit to remedy Defendants' ongoing violation of

25  Plaintiff and the Class members' civil rights.

26        2.      Effective January 1, 2023, employers with 15 or more employees must disclose,

27  in each posting for each job opening, the wage scale or salary range and a general description

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 1

1    of all of the benefits and other compensation being offered to the hired applicant. *See* RCW

2    49.58.110(1).

3         3.     The Washington Legislature finds that "despite existing equal pay laws, there

4    continues to be a gap in wages and advancement opportunities among workers in Washington."

5    RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into

6    lower pay, less family income, and more children and families in poverty." RCW

7    49.58.005(3)(b).

8         4.     This lawsuit follows important, recent research which revealed pervasive pay

9    disparity in Washington with respect to both women and other protected classes. In particular,

10   the study found that women are paid 78 cents for every dollar paid to men—a decline from 80

11   cents to the dollar a decade ago. *See* Alison Saldanha, *Seattle's pay gap between women and*

12   *men just won't stop growing* (Mar. 8, 2024), https://www.seattletimes.com/business/seattle-

13   hits-rock-bottom-in-terms-of-the-pay-gap-between-women-and-men/.

14        5.     "Some folks do not have the networks or ability to negotiate salaries. Salaries

15   vary wildly in companies within the same industry and applicants do not have the ability to

16   know what the value of the position is." Engrossed Substitute S.B. 5761 House Bill Report,

17   67th Leg., Reg. Sess. (Wash. 2022). The pay transparency provision of the Washington Equal

18   Pay and Opportunities Act ("EPOA"), RCW 49.58.110, "allows a discussion at the start of the

19   process instead of after an offer has been made, which will increase the ability to negotiate

20   pay." *Id*. Additionally, "[m]any candidates spend hours going through rounds of interviews

21   only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill

22   Report, 67th Leg., Reg. Sess. (Wash. 2022). The EPOA makes Washington "more competitive"

23   for job seekers. *Id*.

24        6.     "[P]ay range disclosures function primarily to correct information asymmetry:

25   they give applicants access to key information that only the employer may know. This

26   information is essential to help job candidates, particularly females and candidates in other

27

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 2

protected classes, to achieve equal pay when faced with negotiating a starting salary. Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or equitable compensation or, if the employee suspects discrimination, to initiate an enforcement action." Stephanie Bornstein, *The Enforcement Value of Disclosure*, 72 Duke L.J. 1771, 1789 (2023).

7.      "[T]he duty to disclose a pay range and to do so publicly goes further, serving other important purposes of a disclosure scheme. It may induce behavior-forcing effects by requiring an employer to identify the pay received by other employees currently in the position and set new employee pay comparably. The goal is that the employer will create pay uniformity based on the position itself rather than the person holding the position." *Id*. at 1790.

8.      "That pay range postings are public creates additional pressure on employers to provide accurate and fair salary ranges that will attract the best job applicants. And setting pay in a range to which an employer has publicly pre-committed may likely limit the role that even unconscious gender and racial biases play in pay setting." *Id*.

9.      On January 1, 2021, the State of Colorado enacted a similar pay transparency law that requires online job postings to include information about the expected salary of the position. "One early study of the Colorado pay range posting law showed that, among firms that complied, posted job salaries increased by 3.6 percent." *Id*. (citing David Arnold, Simon Quach & Bledi Taska, *The Impact of Pay Transparency in Job Postings on the Labor Market 2* (Aug. 17, 2022) (unpublished manuscript), https://perma.cc/KBQ5-L9U2.

10.      This is a class action on behalf of individuals who applied to job openings with the Defendants where the job postings did not include the wage scale or salary range being offered in direct violation of RCW 49.58.110.

11.      Plaintiff and the Class seek injunctive relief to address Defendants' refusal to include a wage scale or salary range in their job postings, and statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110.

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## II.    JURISDICTION AND VENUE

12.    This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

13.    Venue is proper in this Court pursuant to RCW 4.12.025 because Defendants reside and transact business in Pierce County, Washington.

14.    Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of a Washington employer, or were applicants of a Washington employer, at all times relevant to their interactions with Defendants; (b) Defendants are registered to conduct business, and regularly transact business, within Washington; and (c) the alleged conduct of Defendants occurred within Washington. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(d)(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

## III.    PARTIES

15.    Plaintiff Jeffrey Hill resides in Skagit County, Washington and applied for a position with Defendants in the State of Washington.

16.    Defendant Transdev Services, Inc. is a Maryland corporation that regularly transacts business in Pierce County, Washington and an office for the transaction of business at 2310 104th St. Ct. South, Lakewood, WA 98499.

17.    Defendant Transdev North America, Inc. is a Delaware corporation that regularly transacts business in Pierce County, Washington.

18.    Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

## IV.    STATEMENT OF FACTS

19.    Effective January 1, 2023, all Washington employers with 15 or more employees are required to disclose, in each posting for each job opening, the wage scale or salary range, and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110.

20.    For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

21.    Defendants employ more than 15 individuals.

22.    From January 1, 2023 to the present, Plaintiff and more than 40 Class members applied to job openings with Defendants for positions located in Washington where the postings did not disclose the wage scale or salary range being offered.

23.    Despite RCW 49.58.110 becoming effective January 1, 2023, Defendants continue to withhold pay information in some, if not all, of their job postings for Washington-based positions.

24.    As of the date of this filing, Defendants continue to employ discriminatory hiring practices as a result of their ongoing refusal to comply with RCW 49.58.110.

25.    Defendants' refusal to post a wage scale or salary range in job postings is a violation of Plaintiff and the Class members' civil rights, as specifically defined by RCW 49.58.110.

26.    On or about December 17, 2023, Plaintiff applied for a job opening in Washington with Defendants.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

27.     Plaintiff was qualified to perform the position for which he applied.

28.     The posting for the job opening Plaintiff applied to did not disclose the wage scale or salary range being offered.

29.     In working through the application, Plaintiff expected that at some point he would learn the rate of pay for the open position.

30.     However, Defendants withheld the rate of pay for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application without learning the rate of pay.

31.     A true and correct copy of Defendants' job posting that Plaintiff responded to is attached hereto as Exhibit 1.

32.     As a result of Defendants' refusal to publish the wage scale or salary range within the job posting, Plaintiff was unable to determine the rate of pay for the position.

33.     As a result of Defendants' refusal to disclose the wage scale or salary range in the job posting, Plaintiff remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages.

34.     As a result of Defendants' refusal to disclose the wage scale or salary range in the job posting, Plaintiff's ability to negotiate pay remains adversely affected.

35.     Plaintiff lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed. "Many candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022).

36.     Plaintiff has experienced economic and non-economic harm as a direct result of Defendants' discriminatory hiring practices, their violation of RCW 49.58.110, and their contribution to wage inequality as a result of their refusal to post a wage scale or salary range in the job postings they publish.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

37.    Plaintiff and the Class are victims of Defendants' discriminatory hiring practices, which are specifically prohibited by RCW 49.58.110.

38.    Defendants engaged in a common course of conduct of failing to disclose the wage scale or salary range in the job postings to which Plaintiff and the Class applied.

39.    As a result of Defendants' systemic violations of RCW 49.58.110, and the EPOA generally, the Class has experienced harm identical to that experienced by Plaintiff.

40.    Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V.    CLASS ACTION ALLEGATIONS

41.    <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Transdev Services, Inc. or Transdev North America, Inc. where the job posting did not disclose a wage scale or salary range.

42.    Excluded from the Class are the Defendants and Defendants' officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

43.    <u>Numerosity</u>. There are potentially dozens of Class members who applied for jobs with Defendants within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

44.    <u>Commonality</u>. Because the Class members applied for job openings that did not disclose the wage scale or salary range being offered, this is a straightforward matter of determining whether Defendants' actions violate Washington law, and, if so, assessing statutory damages.

CLASS ACTION COMPLAINT FOR DISCRIMINATION - 7

45.    <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and the Class members applied for job openings with Defendants that did not disclose the wage scale or salary range being offered.

46.    <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

47.    <u>Predominance</u>. Defendants have engaged in a common course of conduct of failing to disclose the wage scale or salary range being offered in job postings in violation of RCW 49.58.110. The common issues arising from Defendants' unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

48.    <u>Superiority</u>. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the job postings to which they applied are readily identifiable through Defendants' own records.

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

## VI.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF RCW 49.58.110
### *Claim of Relief for Plaintiff and the Class*

49.    Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

50.    As described more fully above, Defendants did not disclose the wage scale or salary range being offered in their job postings seeking workers for their Washington locations.

51.    On or after January 1, 2023, Plaintiff and the Class members applied for job openings with the Defendants where the job postings did not disclose the wage scale or salary range being offered.

52.    Defendants' actions and omissions violate RCW 49.58.110.

53.    As a result of Defendants' actions and omissions, Plaintiff and the Class have experienced economic and non-economic harm.

54.    Plaintiff and the Class seek statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110, as opposed to their actual damages.

55.    Plaintiff and the Class also seek to recover their costs and reasonable attorneys' fees.

## VII.    REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendants as follows:

56.    An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

57.    Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110;

58.    Costs and reasonable attorneys' fees pursuant to RCW 49.58.070 and RCW 49.58.110;

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1       59.      Preliminary and permanent injunctive relief prohibiting, restraining, and

2  enjoining Defendants from engaging in the conduct complained of herein, including, but not

3  limited to, an order requiring Defendants to disclose a wage scale or salary range in job

4  postings for jobs located in Washington;

5       60.      Declaratory relief to the effect that Defendants' failure to disclose in each

6  posting for each Washington job opening the wage scale or salary range violates Washington

7  law;

8       61.      Pre- and post-judgment interest;

9       62.      Leave to amend the Class Action Complaint to conform to the evidence; and

10      63.      Any additional or further relief which the Court deems equitable, appropriate, or

11  just.

12      DATED this 24th day of September, 2024.

13                 **TOUSLEY BRAIN STEPHENS PLLC**

14

15                 By: *s/ Rebecca L. Solomon*
                     Rebecca L. Solomon, WSBA #51520

16                     Kim D. Stephens, P.S., WSBA # 11984
                     1200 Fifth Avenue, Suite 1700

17                     Seattle, WA 98101
                     Phone: (206) 682-5600

18                     Fax: (206) 682-2992
                     Email:  rsolomon@tousley.com

19                     Email: kstephens@tousley.com

20                 **EMERY | REDDY, PLLC**

21

22                 By: *s/ Timothy W. Emery*
                     Timothy W. Emery, WSBA #34078

23                     Patrick B. Reddy, WSBA #34092
                     Paul Cipriani, WSBA #59991

24                     600 Stewart Street, Suite 1100
                     Seattle, WA 98101

25                     Phone: (206) 442-9106
                     Fax: (206) 441-9711

26                     Email: emeryt@emeryreddy.com
                     Email: reddyp@emeryreddy.com

27

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

Email: paul@emeryreddy.com

2

*Attorneys for Jeffrey Hill and the Putative*
*Class*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# EXHIBIT 1

 Home     Company reviews     Find salaries

Employers / Post Job

| **What** Job title, keywords, or compan | **Where** King County, WA | **Find Jobs** |



## Utility Worker

**Transdev**  ★★★☆☆ **2,205 reviews**

Everett, WA 98203

Part-time

**Apply now** 🔖

## Job details

*Here's how the job details align with your job preferences.*
*Manage job preferences anytime in your profile.*

💼 **Job type**

Part-time ⌄

**DUTIES:**

- Sweeps and removes trash from vehicles.
- Drives, maneuvers, and parks vehicles. *(Not Required)*
- Reports any maintenance issues to Supervisor.
- Disinfect buses, including possibly bio-spills. *Gear and training provided.*
- Other duties as required.

**REQUIREMENTS:**

- High School diploma or equivalent, such as GED, required.
- 1 year or more of janitorial or auto detailing experience preferred.
- Possess a valid state driver's license with a minimum of one year of driving experience and a good driving record *(Preferred)*.
- Good oral communication skills.
- Ability to read and follow written and spoken instructions.
- Ability to read, comprehend, and abide by Safety Data Sheets and all other safety training materials provided.
- Ability to learn shop processes including cleaning vehicles.
- Ability to mix and use a variety of cleaning products.
- Strong attention to details.

**PHYSICAL REQUIREMENTS:**

- Less than 10% of work is accomplished indoors and in air-conditioned or well ventilated facilities.
- Greater than 90% of work is accomplished outdoors and will be exposed to weather. *Protective gear is provided.*
- Performs physical activities that require considerable use of the arms, repetitive hand-wrist motion, and legs and moving the whole body, such as climbing, lifting, balancing, walking, stooping, and handling materials.
- May be asked to lift and carry up to 60 pounds.
- May be exposed to cleaning chemicals. *Protective gear is provided.*

**About Transdev:**

Based near Chicago, Transdev is the largest private-sector operator of multiple modes of transit in North America, including bus, rail, streetcar, paratransit, and shuttle services. Transdev is committed to being the trusted partner of cities and transit authorities through quality execution and innovations in mobility. Its parent company, Transdev Group, is a leading global operator and integrator of mobility operating in 17 countries and provides passengers every day the freedom to connect to what they care about in their cities. www.transdevna.com

*The above statements are intended to describe the general nature and level of work being performed by people assigned to this classification. They are not intended to be construed as an exhaustive list of all responsibilities, duties, and skills required of personnel so classified.*

*The physical demands described here are representative of those that must be met by an employee to successfully perform the essential functions of this job. Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions upon request.*

*Transdev is an Equal Employment Opportunity (EEO) employer and welcomes all*

*qualified applicants. Applicants will receive fair and impartial consideration without regard to race, sex, color, national origin, age, disability, veteran status, genetic data, gender identity, sexual orientation, religion or other legally protected status, or any other classification protected by federal, state, or local law.*

*EEO is the Law Poster: http://www1.eeoc.gov/employers/poster.cfm*

*Drug free workplace*

*If based in the United States, applicants must be eligible to work in US without restrictions for any employer at any time; be able to pass a drug screen and background check.*

🚩 **Report job**

Utility Worker jobs in Everett, WA

Jobs at Transdev in Everett, WA

Utility Worker salaries in Everett, WA

Hiring Lab    Career Advice    Browse Jobs    Browse Companies    Salaries    Indeed Events    Work at Indeed    Countries    About    Help Center

ESG at Indeed



Transdev Careers

## Utility Worker

Maintenance Support • Everett, Washington

**Apply**

---

## Description

**DUTIES:**

- Sweeps and removes trash from vehicles.
- Drives, maneuvers, and parks vehicles. *(Not Required)*
- Reports any maintenance issues to Supervisor.
- Disinfect buses, including possibly bio-spills. *Gear and training provided.*
- Other duties as required.

**REQUIREMENTS:**

- High School diploma or equivalent, such as GED, required.
- 1 year or more of janitorial or auto detailing experience preferred.
- Possess a valid state driver's license with a minimum of one year of driving experience and a good driving record *(Preferred)*.
- Good oral communication skills.
- Ability to read and follow written and spoken instructions.
- Ability to read, comprehend, and abide by Safety Data Sheets and all other safety training materials provided.
- Ability to learn shop processes including cleaning vehicles.
- Ability to mix and use a variety of cleaning products.
- Strong attention to details.

**PHYSICAL REQUIREMENTS:**

- Less than 10% of work is accomplished indoors and in air-conditioned or well ventilated facilities.
- Greater than 90% of work is accomplished outdoors and will be exposed to weather. *Protective gear is provided.*
- Performs physical activities that require considerable use of the arms, repetitive hand-wrist motion, and legs and moving the whole body, such as climbing, lifting, balancing, walking, stooping, and handling materials.
- May be asked to lift and carry up to 60 pounds.
- May be exposed to cleaning chemicals. *Protective gear is provided.*

**About Transdev:**

Based near Chicago, Transdev is the largest private-sector operator of multiple modes of transit in North America, including bus, rail, streetcar, paratransit, and shuttle services. Transdev is committed to being the trusted partner of cities and transit authorities through quality execution and innovations in mobility. Its parent company, Transdev Group, is a leading global operator and integrator of mobility operating in 17 countries and provides passengers every day the freedom to connect to what they care about in their cities. www.transdevna.com

*The above statements are intended to describe the general nature and level of work being performed by people assigned to this classification. They are not intended to be construed as an exhaustive list of all responsibilities, duties, and skills required of personnel so classified.*

*The physical demands described here are representative of those that must be met by an employee to successfully perform the essential functions of this job. Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions upon request.*

*Transdev is an Equal Employment Opportunity (EEO) employer and welcomes all qualified applicants. Applicants will receive fair and impartial consideration without regard to race, sex, color, national origin, age, disability, veteran status, genetic data, gender identity, sexual orientation, religion or other legally protected status, or any other classification protected by federal, state, or local law.*
*EEO is the Law Poster: http://www1.eeoc.gov/employers/poster.cfm*

*Drug free workplace*

*If based in the United States, applicants must be eligible to work in US without restrictions for any employer at any time; be able to pass a drug screen and background check.*



← Back to Current Openings

---

## Share

---

## Similar Jobs

Utility Worker

Utility Worker

Utility

Utility Worker - South Bay (Chula Vista)

Utility Worker

---

powered by **JOBVITE**

# EXHIBIT B

CT

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| JEFFREY HILL, individually and on behalf of all others similarly situated, | NO. |
| Plaintiff, | SUMMONS |
| v. | |
| TRANSDEV SERVICES, INC., a Maryland corporation; TRANSDEV NORTH AMERICA, INC., a Delaware corporation; and DOES 1-20, as yet unknown Washington entities, | |
| Defendants. | |

TO:     TRANSDEV NORTH AMERICA, INC.
        The Corporation Trust Company
        Corporation Trust Center
        1209 Orange Street
        Wilmington, DE 19801

A lawsuit has been started against you in the above-entitled Court by the above-named Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for Plaintiff within 60 days after the service of this Summons, excluding the day of service. If you do not respond, a default judgment may be entered against you without notice. A default judgment is one in

SUMMONS - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   which Plaintiff is entitled to what it asks for because you have not responded. If you serve a

2   notice of appearance on the undersigned attorneys, you are entitled to notice before a default

3   judgment may be entered.

4         You may demand that Plaintiff file this lawsuit with the Court. If you do so, the

5   demand must be in writing and must be served upon Plaintiff. Within 14 days after you serve

6   the demand, Plaintiff must file this lawsuit with the Court, or the service on you of this

7   Summons and Complaint will be void.

8         If you wish to seek the advice of an attorney in this matter, you should do so promptly

9   so that your written response, if any, may be served on time.

10        This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

11   state of Washington.

12        DATED this 3rd day of October, 2024.

14                     **TOUSLEY BRAIN STEPHENS PLLC**

16        By: *s/ Rebecca L. Solomon*
              Rebecca L. Solomon, WSBA #51520
              Kim D. Stephens, P.S., WSBA # 11984
              1200 Fifth Avenue, Suite 1700
              Seattle, WA 98101
              Phone: (206) 682-5600
              Fax: (206) 682-2992
              Email: rsolomon@tousley.com
              Email: kstephens@tousley.com

21                     **EMERY | REDDY, PLLC**

23        By: *s/ Timothy W. Emery*
              Timothy W. Emery, WSBA #34078
              Patrick B. Reddy, WSBA #34092
              Paul Cipriani, WSBA #59991
              600 Stewart Street, Suite 1100
              Seattle, WA 98101
              Phone: (206) 442-9106
             Fax: (206) 441-9711

SUMMONS - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

*Attorneys for Jeffrey Hill and the Putative Class*

SUMMONS - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

5

6

7         IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
          IN AND FOR KING COUNTY

8

9     JEFFREY HILL, individually and on behalf          NO.
      of all others similarly situated,

10                                                       SUMMONS
                      Plaintiff,

11

·12           v.

13    TRANSDEV SERVICES, INC., a Maryland
      corporation; TRANSDEV NORTH

14    AMERICA, INC., a Delaware corporation;
      and DOES 1-20, as yet unknown Washington

15    entities,

16
                      Defendants.

17    TO:    Transdev Services, Inc.
             C T Corporation System

18           711 CAPITOL WAY South, Suite 204
             Olympia, WA 98501-1267

19

20           A lawsuit has been started against you in the above-entitled Court by the above-named

21    Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon

22    you with this Summons.

23           In order to defend against this lawsuit, you must respond to the Complaint by stating

24    your defense in writing, and serve a copy upon the undersigned attorneys for Plaintiff within 20

25    days after the service of this Summons, excluding the day of service. If you do not respond, a

26    default judgment may be entered against you without notice. A default judgment is one in

SUMMONS - 1                                    TOUSLEY BRAIN STEPHENS PLLC
                                                  1200 Fifth Avenue, Suite 1700
                                                    Seattle, Washington 98101
                                             TEL. 206.682.5600 • FAX 206.682.2992

1  which Plaintiff is entitled to what it asks for because you have not responded.  If you serve a
2  notice of appearance on the undersigned attorneys, you are entitled to notice before a default
3  judgment may be entered.

4      You may demand that Plaintiff file this lawsuit with the Court.  If you do so, the
5  demand must be in writing and must be served upon Plaintiff.  Within 14 days after you serve
6  the demand, Plaintiff must file this lawsuit with the Court, or the service on you of this
7  Summons and Complaint will be void.

8      If you wish to seek the advice of an attorney in this matter, you should do so promptly
9  so that your written response, if any, may be served on time.

10     This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
11 state of Washington.

12     DATED this 3rd day of October, 2024.
13

14                     **TOUSLEY BRAIN STEPHENS PLLC**
15

16     By: s/ *Rebecca L. Solomon*
          Rebecca L. Solomon, WSBA #51520
17        Kim D. Stephens, P.S., WSBA # 11984
          1200 Fifth Avenue, Suite 1700
18        Seattle, WA 98101
          Phone: (206) 682-5600
19        Fax: (206) 682-2992
          Email: rsolomon@tousley.com
20        Email: kstephens@tousley.com

21                     **EMERY | REDDY, PLLC**
22

          By: s/ *Timothy W. Emery*
23           Timothy W. Emery, WSBA #34078
             Patrick B. Reddy, WSBA #34092
24           Paul Cipriani, WSBA #59991
             600 Stewart Street, Suite 1100
25           Seattle, WA 98101
             Phone: (206) 442-9106
26           Fax: (206) 441-9711

SUMMONS - 2

1

Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

2

3

*Attorneys for Jeffrey Hill and the Putative Class*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS - 3

# EXHIBIT C

1

2

3                                                          HOORABLE TANYA L. THORP

4

5

6

7            IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                              FOR KING COUNTY
8

9   JEFFREY HILL, individually and on
    behalf of all others similarly situated,
10
                        Plaintiff,                  Case No.:  24-2-21752-5
11
          v.                                        **NOTICE OF FILING NOTICE OF
                                                    REMOVAL**
12  TRANSDEV SERVICES, INC., a
    Maryland Corporation; TRANSDEV
13  NORTH AMERICA, INC., a Delaware
    Corporation; and DOES 1 through 20, as
14  yet unknown Washington entities,

15                      Defendants.

16
          PLEASE TAKE NOTICE that on October 24, 2024, pursuant to 28 U.S.C. §§ 1332, 1441,
17
    1446 and 1453, Defendants Transdev Services, Inc. and Transdev North America, Inc. removed
18
    this action from the King County Superior Court to the United States District Court for the Western
19
    District of Washington.
20
          A copy of the Notice of Removal is attached as Exhibit 1.
21
          PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing of
22
    the Notice of Removal in the United States District Court, together with the filing of this Notice
23
    with this Court, effects the removal of this action, and therefore, this Court may proceed no further
24
    with this action unless and until the action is remanded.
25
    / / /
26
    / / /
27

**Notice of Filing Notice of Removal**              Page 1         SCHLEMLEIN FICK & FRANKLIN, PLLC
                                                                   66 S. Hanford Street, Suite 300
                                                                   Seattle, WA 98134
                                                                   Phone: (206) 448-8100 Fax: (206) 448-8514

1    DATED this 24th day of October, 2024.

2                                    SCHLEMLEIN FICK & FRANKLIN PLLC

3

4                                    */s/ Benjamin W. Lance*
                                     Benjamin W. Lance, WSBA No. 52657
5                                    66 S. Hanford St., Suite 300
                                     Seattle, WA 98134
6                                    Phone: (206) 448-8100 | Fax: (206) 448-8514
                                     Email: bwl@soslaw.com
7                                    *Attorney for Defendants Transdev Services, Inc.*
                                     *and Transdev North America, Inc.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

**DECLARATION OF SERVICE**

2          I declare under penalty of perjury under the laws of the State of Washington that the

3  following is true and correct.

4          I am employed by the law firm of Schlemlein Fick & Franklin, PLLC.  At all times

5  hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the

6  State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action,

7  and am competent to be a witness herein.

8          On this 24th day of October, 2024, I served one true and correct copy of the foregoing on

9  the following counsel via the method(s) indicated:

10  **ATTORNEYS FOR PLAINTIFF**

11

12  Rebecca L. Solomon, WSBA #51520          (X)    Via KCSC E-Service
    Kim D. Stephens, P.S., WSBA #11984          (X)    Via U.S. Mail

13  TOUSLEY BRAIN STEPHENS PLLC          ( )    Via Messenger
    1200 Fifth Avenue, Suite 1700          ( )    Via Email

14  Seattle, WA  98101
    Telephone: (206) 682-5600

15  Facsimile: (206) 682-2992
    rsolomon@tousley.com

16  kstephens@tousley.com

17  Timothy W. Emery, WSBA #34078          (X)    Via KCSC E-Service

18  Patrick B. Reddy, WSBA #34092          (X)    Via U.S. Mail
    Paul Cipriani, Jr., WSBA #59991          ( )    Via Messenger

19  EMERY REDDY, PLLC          ( )    Via Email
    600 Stewart Street, Suite 1100

20  Seattle, WA 98101

21  Phone: (206) 442-9106
    Fax: (206) 441-9711

22  emeryt@emeryreddy.com
    reddyp@emeryreddy.com

23  paul@emeryreddy.com

24          Dated this 24th day of October, 2024.

25                                        _Lisa R. Werner_
                                        Lisa R. Werner, Legal Assistant

26

27